IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-02906-PAB-MDB

RAY ARMSTRONG, an individual,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Motion for Complete Summary Judgment [Docket No. 21]. Defendant State Farm Fire and Casualty Company ("State Farm") seeks summary judgment as to all of plaintiff Ray Armstrong's claims. *Id.* at 1. Plaintiff Ray Armstrong filed a response opposing the motion, Docket No. 27, and State Farm filed a reply. Docket No. 31. The Court has jurisdiction under 28 U.S.C. § 1332.

## I. BACKGROUND

### A. Undisputed Facts[1]

State Farm's insurance policy no. 86-95-1567-3 (the "State Farm Policy") provides coverage, subject to its terms, conditions, and exclusions, for plaintiff's real property located at 1005 Garlock Lane, Colorado Springs, Colorado. Docket No. 21 at 2, ¶ 1. In June 2021, Mr. Armstrong discovered that a water pipe had broken, causing large amounts of water to escape in and around his house. *Id.* at 4–5, ¶ 5. Mr.

---

[1] The following facts are undisputed unless otherwise indicated.

Armstrong repaired the pipe.  *Id.*  In January 2022, Mr. Armstrong discovered that the foundation of his house was settling, that tile was cracking, and that walls were buckling and cracking in approximately ten rooms.  *Id.* at 5, ¶ 7.  Mr. Armstrong made a claim to State Farm for the damage.  *Id.*, ¶ 8.  Plaintiff contends that the "water from the broken pipe caused an instability of the soil throughout his house."  *Id.*

As part of his claim, Mr. Armstrong included the report (the "DL Report") of professional engineer Daniel LeMier.  *Id.*, ¶ 9.  The DL Report found that "[t]he cracks observed in the walls were likely caused by vertical movement of the foundation" and that "[t]hese movements are most likely caused by contraction and expansion of the soil due to changing moisture content."[2]  *Id.* at 6, ¶ 11.  Mr. Armstrong sent State Farm an addendum to the DL Report on February 22, 2022, which stated that, "[a]ccording to the homeowner, a water line broke in July 2021 adjacent to the foundation."  *Id.* at 6–7, ¶ 14.  The addendum also stated that, "[d]ue to the expansive nature of the soils the vertical movement observed in December 2021 was more likely than not due to the

---

[2] Mr. Armstrong denies this fact, arguing that the damage to his property was caused by water damage, and bases his denial on the addendum to the DL Report, Docket No. 27-2, as well as his affidavit.  Docket No. 27 at 4, ¶ 11; Docket No. 27-3.  However, the quotes from the first DL Report are accurate.  Docket No. 27-1 at 2.  Additionally, nothing in the addendum contradicts the statements Mr. Armstrong purports to deny, as explained in more detail in Section I.C., *infra*.  Moreover, Mr. Armstrong's affidavit cannot create a genuine issue of material fact as to these issues.  For purposes of summary judgment, the parties must cite admissible evidence.  *Bullock v. Wayne,* 623 F. Supp. 2d 1247, 1252 (D. Colo. 2009) (a "court may not consider all proffered evidence when ruling on a summary judgment motion; only admissible evidence may enter the analysis."); *see also Law Co., Inc. v. Mohawk Const. and Supply Co., Inc.*, 577 F.3d 1164, 1170 (10th Cir. 2009).  Mr. Armstrong makes no showing that he is qualified to dispute the conclusion of the professional engineer that he retained.  Therefore, the Court deems this fact to be admitted.

water leak in July." [3]  *Id.*  State Farm retained Ninyo and Moore, Geotechnical and Environmental Science Consultants ("Ninyo and Moore") to inspect the property.  Docket No. 21 at 7, ¶ 15.  Ninyo and Moore concluded that the "vertical post-construction movement of the residence foundation and slab-on-grade floors was not related to the reported koi pond overflow event that reportedly took place on June 19, 2021."[4]  *Id.*, ¶ 17.  On May 3, 2022, State Farm denied Mr. Armstrong's claim on the grounds that the engineering reports had concluded that the damage to Mr. Armstrong's house was caused by movement of the earth, which is excluded from coverage under the terms of the insurance policy.  Docket No. 21 at 8, ¶ 18.

### B. Contract Language

It is undisputed that the insurance policy at issue contains the following language:

> SECTION I – LOSSES INSURED
>      COVERAGE A – DWELLING
> **We** will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in SECTION I – LOSSES NOT INSURED or otherwise excluded or limited in this policy.

Docket No. 21-1 at 22.

> SECTION I – LOSSES NOT INSURED
> 1. **We** will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs

---

[3] Mr. Armstrong admits the accuracy of this quotation, even though he contests the addendum's conclusion.  Docket No. 27 at 5, ¶ 14.
[4] Mr. Armstrong asserts that this statement is "inadmissible."  Docket No. 27 at 6.  Mr. Armstrong provides no authority for his objection.  Furthermore, Mr. Armstrong admits these were the conclusions of the Ninyo and Moore report.  *Id.* at 5, ¶ 17.  The Court deems this fact admitted.

>abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these: . . .
>
>>c. freezing, thawing, pressure, or weight of water, ice, snow, or sleet, whether driven by wind or not, to a: . . .
>>
>>>(6) foundation (including slabs, basement walls, crawl space walls, and footings); . . .
>>
>>k. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings; . . .
>>
>>m. . . .However, *we* will pay for any resulting loss from items a. through l. unless the resulting loss is itself a Loss Not Insured as described in this Section.

*Id.* at 25–27.

>2. *We* will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. *We* will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the *residence premises*, arises from any natural or external forces, or occurs as a result of any combination of these: . . .
>
>>b. **Earth Movement**, meaning the sinking, rising, shifting, expanding, or contracting of earth, all regardless of whether combined with water, sewage, or any material carried by, or otherwise moved by the earth. Earth movement includes but is not limited to:
>>   (1) earthquake;
>>   (2) landslide, mudslide, or mudflow;
>>   (3) sinkhole or subsidence;
>>   (4) movement resulting from:
>>      (a) improper compaction;
>>      (b) site selection;
>>      (c) natural resource extraction activities; or
>>      (d) excavation;

4

> (5) erosion;
> (6) pressure by surface or subsurface earth or fill; or
> (7) any volcanic activity, except as specifically provided in **SECTION I – ADDITIONAL COVERAGES, Volcanic Action**.
>
> However, we will pay for any accidental direct physical loss by fire resulting from earth movement, provided the resulting fire loss is itself a loss insured.

*Id.* at 27.

## II.  LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986).  A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter."  *Concrete Works of*

5

*Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## III. ANALYSIS

Mr. Armstrong raises claims for breach of contract, common law bad faith, and statutory bad faith, and seeks a declaratory judgment from the Court declaring that State Farm is obliged to pay Mr. Armstrong the full amount of the damages to his property. Docket No. 4 at 3–6. State Farm moves for summary judgment on all of Mr. Armstrong's claims. Docket No. 21 at 1. State Farm argues that Mr. Armstrong's claim for breach of contract should be dismissed because he is not entitled to any recovery for the damage to his property under the terms of the insurance policy. *Id.* State Farm further argues that both of Mr. Armstrong's bad faith claims necessarily fail because State Farm was not unreasonable in denying a claim for damage not covered by the policy. *Id.* at 15–17. Mr. Armstrong responds that the cause of the damage to his house is a disputed question of fact for the jury which precludes summary judgment. Docket No. 27 at 2.

### A. Insurance Coverage

State Farm argues Mr. Armstrong is not entitled to recover under the State Farm Policy because the damage to Mr. Armstrong's house was caused by earth movement, which is excluded under the earth movement exclusion of the policy. Docket No. 21 at 9. Mr. Armstrong disputes this argument on the basis that the damage was caused by water. Docket No. 27 at 2.

The Court first examines the scope of the earth movement exclusion in Mr. Armstrong's policy. "The interpretation of an insurance contract is a question of law." *USAA Cas. Ins. Co. v. Anglum,* 119 P.3d 1058, 1059 (Colo. 2005).[5] Insurance policies are to be interpreted in accordance with general rules of contract interpretation and "must be enforced as written unless there is an ambiguity in the policy language." *Id.* Mr. Armstrong's policy states that State Farm "will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one more of the following excluded events." Docket No. 21-1 at 27. The policy then identifies "earth movement" as an excluded event, which is defined as the "sinking, rising, shifting, expanding, or contracting of earth, all regardless of whether combined with water." *Id.* "Earth movement includes but is not limited to: . . . (6) pressure by surface or subsurface earth or fill." *Id.* The policy also states that it will not cover damage caused by earth movement, regardless of whether another cause precipitated the earth movement, or combined with the earth movement to cause the damage. *Id.*

---

[5] The parties appear to agree that Colorado law applies to the breach of contract claim in this case. The Court will operate under the same premise. *Cf. Grynberg v. Total S.A.,* 538 F.3d 1336, 1346 (10th Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption.").

Specifically, the policy states, "[State Farm] will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss." *Id.*

The Tenth Circuit, in interpreting policy exclusions similar to the one here, has held that damage caused by earth movement, when that movement was caused by water, falls within the scope of the exclusion. In *Davis-Travis v. State Farm Fire & Cas. Co.*, 336 F. App'x 770 (10th Cir. 2009) (unpublished), the Tenth Circuit analyzed the identical exclusion under a State Farm policy. The court found that the exclusion applied to instances where the earth supporting the slab of a house expanded and contracted "as a result of water, from whatever the source, and caused settlement damage." *Id.* at 774. Similarly, in *Wagner v. Am. Fam. Mut. Ins. Co.*, 569 F. App'x 574, 579–80 (10th Cir. 2014) (unpublished), the Tenth Circuit concluded that water from a leaking pipe eroded the soil underneath plaintiff's home, causing settlement and cracking of the slab, which, in turn, caused drywall and flooring panels to crack. The court found that this causal chain of damage fits "squarely under the earth movement exclusion." *Id.* at 579; *see also Naabani Twin Stars, LLC v. St. Paul Fire & Marine Ins. Co.*, 2021 WL 4737119, at *1 (10th Cir. Oct. 12, 2021) (unpublished) (affirming summary judgment for defendant under the earth movement exclusion where plaintiff's consultants concluded that damage was the result of a burst pipe causing soil compression and settlement).

Here, Mr. Armstrong argues that State Farm is not entitled to summary judgment because there is a genuine issue of material fact regarding the cause of the damage to

8

his house.  Docket No. 27 at 4, ¶ 10.  He asserts that the damage to his house was caused by water damage, which is covered by the policy, and not by soil movement.  *Id.*  Mr. Armstrong relies on two documents to contest State Farm's factual assertion that the damage to Mr. Armstrong's house was caused, in part, by the movement of the earth.

First, Mr. Armstrong cites the addendum to the DL Report, which states that the vertical movement observed in December 2021 was "more likely than not due to the water leak in July."  *See id.* at 2–6, ¶¶ 6, 10, 11, 13, 14 (citing Docket No. 27-2 at 1).  However, this part of the addendum reads in full that:

> According to the homeowner, a water line broke in July 2021 adjacent to the foundation.  Due to the expansive nature of the soils the vertical movement observed December 2021 was more likely than not due to the water leak in July.[6]

Docket No. 27-2 at 1.  This statement is consistent with findings made in the DL Report, which concluded that "[t]he cracks observed in the walls were likely caused by vertical movement of the foundation."  Docket No. 21 at 6, ¶ 11.  The Court finds that the part of the addendum cited by Mr. Armstrong, namely, that the vertical movement was "more likely than not due to the water leak," does not create a genuine issue of material fact regarding whether earth movement caused the damage to his house.

Second, Mr. Armstrong cites his own affidavit to support the contention that the damage to his house was caused by water damage and not by movement of the earth.  *See* Docket No. 27 at 2–6, ¶¶ 6, 10, 11, 13.  The Court has already determined that Mr.

---

[6] In his response to State Farm's undisputed facts, Mr. Armstrong does not quote the addendum in full.  However, Mr. Armstrong cites the one-page exhibit in full.  Docket No. 27 at 4.  Given Mr. Armstrong's general citation to the whole addendum as support for his proposition that water caused the damage, the Court finds that Mr. Armstong treats the addendum as undisputed.

Armstrong's affidavit is insufficient to dispute the facts asserted by State Farm from the DL Report.  Moreover, even if the Court considers Mr. Armstrong's affidavit as a source of disputed facts, his affidavit fails to create a genuine issue of material fact that precludes summary judgment.  His affidavit does not dispute that earth movement was part of the causal chain which led to the damage to his house.  He states, "I am not claiming that soil caused the movement, I am claiming that the water interaction with the compacted construction fill (not soil) was the cause of the damage."  Docket No. 27-3 at 2, ¶ 3.  Mr. Armstrong's contrast between "construction fill" and "soil" is a distinction without a difference.  The insurance policy exclusion is based on "earth movement."  Docket No 21-1 at 27.  The policy does not mention "soil" and explicitly contemplates movement caused by "surface or subsurface earth or fill."  *Id.*

Mr. Armstrong's affidavit describes a chain of events that caused the damage to his house.  While leaking water may have started the chain of events, soil movement was the final link.  Mr. Armstrong built two water tanks from concrete in his sunroom, which were supported by, and open to, compacted construction fill.  Docket No. 27-3 at 3, ¶ 13.  One was a 2,500-gallon "quarantine tank," which presumably housed fish for Mr. Armstrong's 20,000-gallon concrete koi pond.  *Id.* at 2, 3, ¶¶ 7, 13.  The second tank was 1,200 gallons and was used to overwinter tropical plants.  *Id.* at 3, ¶ 13.  In June 2021, the refill pipe leading to the 1200-gallon tank broke, causing water to spill over and seep into the construction fill supporting both tanks.  *Id.*, ¶ 15.  In December 2021, Mr. Armstrong's house showed signs of damage.  *Id.* at 4, ¶ 16.  Upon investigation, Mr. Armstrong found that a crack had formed in his quarantine tank, causing all 2,500 gallons of water to seep into the surrounding construction fill.  *Id.*, ¶¶ 16–17.  Mr.

Armstrong contends that the June flooding caused the construction fill supporting the 2,500-gallon tank to weaken, which, combined with the weight of the water, caused the tank to crack.  *Id.*, ¶ 18.  The water then escaped "under the slabs and around the center bearing wall of the house."  *Id.* at 5, ¶ 19.  While Mr. Armstrong's affidavit adds details to his theory of what caused the foundation of his house to move, it does not present any competent evidence to contradict the fact that the damage to his house was caused by earth movement.

Both State Farm's and Mr. Armstrong's engineering reports conclude that the damage to Mr. Armstrong's house was caused by vertical movement of the earth under the property.  Docket No. 21 at 6, 7 ¶¶ 11, 17.  Mr. Armstrong cited no evidence to contradict these findings.  Under the clear terms of the State Farm Policy, State Farm is not required to compensate Mr. Armstrong for damage caused by the movement of the earth, regardless of what caused the earth to move.  *Davis-Travis*, 336 F. App'x at 774.  Because Mr. Armstrong cannot demonstrate that there is a genuine dispute over this material fact, State Farm is entitled to judgment as a matter of law on Mr. Armstrong's breach of contract claim.  For the same reasons, the Court will dismiss Mr. Armstrong's request for a declaratory judgment that State Farm must pay Mr. Armstrong for the damage to his house.

### B. Statutory Bad Faith

Section 10-3-1115 of the Colorado Revised Statutes provides that "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant."  Colo. Rev. Stat. § 10-3-1115(1)(a).  To prove a statutory bad faith violation, a plaintiff must show that: (1)

benefits were owed under the policy; and (2) defendant unreasonably delayed or denied payment of plaintiff's claim.  *See* Colo. Rev. Stat. § 10-3-1115; *Edge Construction, LLC v. Owners Ins. Co.*, No. 14-cv-00912-MJW, 2015 WL 4035567, at *6 (D. Colo. June 29, 2015) ("in order to prevail on its statutory unreasonable delay/denial claim, [plaintiff] first has to prove entitlement to benefits.").  A statutory bad faith claim fails where the delay or denial of coverage was reasonable.  *Am. Fam. Mut. Ins. Co. v. Hansen*, 375 P.3d 115, 117 (Colo. 2016).

Under Colorado law, an insurer has a duty "to deal in good faith with an insured." *Decker v. Browning-Ferris Indus. of Colo.*, 931 P.2d 436, 443 (Colo. 1997) (citing *Farmers Grp., Inc. v. Trimble*, 691 P.2d 1138, 1141–42 (Colo. 1984)).  "To state a common law insurance bad faith claim, the insured must allege facts demonstrating 'that (1) the insurer's conduct was unreasonable, and (2) the insurer either had knowledge of or reckless disregard for the fact that its conduct was unreasonable.'" *Ryals v. Am. Family Ins. Co., S.I.,* No. 20-cv-002736-NYW, 2021 WL 848195, at *6 (D. Colo. Mar. 5, 2021) (quoting *Kisselman v. Am. Family Mut. Ins. Co.*, 292 P.3d 964, 970 (Colo. App. 2011)) (applying Colorado law).  "The reasonableness of the insurer's conduct is determined objectively and is based on proof of industry standards." *Schultz v. GEICO Cas. Co.*, 439 P.3d 844, 847 (Colo. 2018) (citation and quotation omitted).

Mr. Armstrong "concedes that if there is no coverage, then no claim for bad faith lies."[7]  Docket No. 27 at 8; *see also Mock v. Allstate Ins. Co.*, 796 F. App'x 546, 550

---

[7] Mr. Armstrong argues that the issue of bad faith is not ripe until a jury has determined whether there was a breach of contract.  Docket No. 27 at 8.  The Court has determined the State Farm is entitled to summary judgment on Mr. Armstrong's breach of contract claim and therefore finds that the issue of bad faith is ripe for judicial review.

(10th Cir. 2020) (unpublished) ("Because coverage of the . . . damage is excluded under the Policy, [plaintiffs'] bad faith claim necessarily fails" (citing *MarkWest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co.*, 558 F.3d 1184, 1193 (10th Cir. 2009) ("It is settled law in Colorado that a bad faith claim must fail if, as is the case here, coverage was properly denied and the plaintiff's only claimed damages flowed from the denial of coverage."))). The Court has found that the terms of the State Farm Policy exclude coverage for the damage to Mr. Armstrong's house caused by earth movement.  As such, State Farm did not act in bad faith when it denied coverage. *Edge Construction,* 2015 WL 4035567, at *6.  State Farm is entitled to summary judgment on Mr. Armstrong's claims of statutory and common law bad faith.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion for Complete Summary Judgment [Docket No. 21] is **GRANTED**.  It is further

**ORDERED** that plaintiff's claims are **DISMISSED with prejudice**.  It is further

**ORDERED** that this case is closed.

DATED March 20, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

13